# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DEONTE LEWIS, | ) | Case No. 1:23-cv-2254 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| RYAN WALTERS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Deonte Lewis, represented by counsel, seeks a writ of habeas corpus. In an Order dated April 29, 2026, the Magistrate Judge granted in part and denied in part Petitioner's motion for leave to file a third amended complaint.  (ECF No. 40.) In short, after setting forth the procedural background giving rise to Petitioner's request for leave to amend, the Magistrate Judge applied the standard for amendment under Rule 15(a) and determined that there was no undue delay or prejudice from amendment.  (*Id.*, PageID #2005–06.)  Further, she concluded that not all grounds for relief asserted in the amendment relate back.  (*Id.*, PageID #2006–12.) Also, the Magistrate Judge ruled that amendment to add one proposed ground for relief (ground four) is futile and that Petitioner could not challenge the constitutionality of the Antiterrorism and Effective Death Penalty Act in the third amendment.  (*Id.*, PageID #2012–13.)  Respondent timely objects.  (ECF No. 42.)

**STANDARD OF REVIEW**

A district court judge may designate a magistrate judge to "hear or determine any pretrial matter pending before the court," with several exceptions not relevant here.  28 U.S.C. § 636(b)(1)(A).  When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district court may reconsider any ruling shown to be "clearly erroneous or contrary to law" and modify it or set it aside.  *Id.*; Fed. R. Civ. P. 72(a).  A "clearly erroneous" ruling is one that leaves the reviewing court, on the entire record, with the definite and firm conviction that a mistake was made. *Klingeman v. DeChristofaro*, No. 4:09-cv-528, 2011 WL 4699819, at *1 (N.D. Ohio Oct. 6, 2011) (citations omitted).  If evidence supports the ruling, and the ruling is reasonable, then it is not clearly erroneous.  *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96-cv-1780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).  A ruling is "contrary to law" where it "improperly applies the law or uses an erroneous legal standard."  *Id.* (cleaned up).  Generally, the Court's job is not to conduct a free-wheeling examination of the Magistrate Judge's pretrial case management.  Instead, the Court only addresses any specific objections that a party has advanced to some particular action or ruling.

**ANALYSIS**

Respondent asserts three objections.

*First*, Respondent argues that Petitioner unduly delayed seeking amendment. (*Id.*, PageID #2083–86.)  While the Court understands the frustration Respondent

2

expresses based on the procedural posture, nothing about the Magistrate Judge's Order is clearly erroneous or contrary to law. None of the prejudice Respondent argues amounts to legal prejudice—just the ordinary cost of responding to litigation. And the burden to Respondent from the third amended petition is marginal, at best.

*Second*, Respondent argues that the second ground for relief does not relate back to the original petition. (*Id.*, PageID #2086–88.) He contends that Petitioner's third amendment expands his argument based on the State trial court's failure to sever the case, pointing to evidence of his co-defendant's intellectual functioning. (*Id.*, PageID #2087.) The Magistrate Judge determined that Petitioner's prior allegations on the issue of severance sufficiently placed the issue in dispute such that the amendment at issue amounted only to more detail regarding this ground for relief. (ECF No. 40, PageID #2009.) Based on its review of the record, the Court cannot say that this reading of the petition, its amendments, and the pleadings is clearly erroneous or is contrary to law. To the extent Respondent's contention that this ground for relief is based on a different set of facts (ECF No. 42, PageID #2088), Petitioner might well face a procedural default or waiver issue that can be and is better dealt with on the merits.

*Third*, Respondent argues that the amendment is futile because of procedural default. Again, Respondent contends that Petitioner defaulted his arguments based on his co-defendant's limited intellectual functioning. (*Id.*, PageID #2089.) Again, this issue is best dealt with on the merits. It is not clear that the issue is defaulted. Respondent claims in a footnote that it "appears" Petitioner abandoned the argument

3

at the Ohio Supreme Court.  (*Id.* n.4.)  But the Court sees no reason to litigate the issue twice—once on a futility argument in response to a motion for leave to amendment and again later on the merits, where Respondent will likely procedural default on other issues in any event.  Accordingly, the Court discerns no clear error in the Magistrate Judge's Order.

For these reasons, the Court **OVERRULES** Respondent's objections.

**SO ORDERED.**

Dated:  May 28, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio